# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNE BURNS, #N51789, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 23-cv-1797-SMY |
| ) | |
| ROB JEFFREYS, ) | |
| LISA MADIGAN, ) | |
| JOHN BALDWIN, and ) | |
| ROBIN RIGGS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Shaune Burns filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was an inmate of the Illinois Department of Corrections ("IDOC") at Shawnee Correctional Center (Doc. 1). He was released on parole/Mandatory Supervised Release ("MSR") on January 26, 2024 (Doc. 16).

Plaintiff's original Complaint was dismissed without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A (Doc. 18). He sought damages for what he alleges was excessive incarceration before an earlier MSR release on June 29, 2021.[1] The Court allowed Plaintiff to submit an amended complaint to re-plead his claim that the June 29, 2021 MSR release was unconstitutionally delayed, against any individuals he believes improperly denied or delayed approval of his host site (Doc. 18, p. 6).

The First Amended Complaint (Doc. 21) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out

---

[1] (Doc. 1, p. 17).

1

nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the pleading that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 21): He was sentenced to six years on or about February 4, 2018 (Doc. 21, p. 6).[2] At the time he was sentenced, he had served over seven years in Cook County Jail fighting his case, which amounted to more than 100% of the six-year sentence. However, he was not released on MSR because he must register as a sex offender and did not have an approved home site. He served approximately 2,215 days before he was released. The laws or rules governing home site requirements at the time were very burdensome and violated his due process rights. The Defendants, former IDOC Directors Jeffreys and Baldwin, former Attorney General Madigan, and Riggs (prisoner re-entry group worker) applied and enforced the host site policies that prevented Plaintiff from being timely released on MSR.

After Plaintiff's June 29, 2021 MSR release, the policies changed because of a court case. Plaintiff was released again on MSR in January 2024 because the government found him an approved home site.[3] As relief, Plaintiff requests $2.50 for each day that he was made to serve beyond his sentence (Doc. 21, p. 7).

Based on the First Amended Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: Fourteenth Amendment due process claim against all Defendants for prolonging/delaying the location and/or approval of a host site for Plaintiff's MSR release until June 29, 2021, causing Plaintiff to

---

[2] The original Complaint related that Plaintiff is a convicted sex offender whose sentence includes a MSR term of three years to life (Doc. 1, pp. 3-4).
[3] Plaintiff had been reincarcerated on January 28, 2022 (Doc. 1, p. 20).

remain incarcerated beyond the date he was eligible for MSR.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[4]

**Discussion**

In the original Complaint, Plaintiff alleged that the delay in finding him an approved host site violated the provisions of *Murphy v. Raoul*, 380 F. Supp. 3d 731, 755-56 (N.D. Ill. 2019). During his earlier period of incarceration, prior to June 29, 2021, Plaintiff was a member of the class of plaintiffs in *Murphy*, defined as "all individuals sentenced to serve 'three-years-to-life' on MSR currently detained in the IDOC who have been approved for release on MSR by the PRB [Prisoner Review Board] but have been denied release from IDOC custody because of their inability to obtain an approved host site." *Murphy*, N.D. Ill. Case No. 16-C-11471 (Doc. 63, April 6, 2018). This Court concluded that Plaintiff did not state a viable constitutional claim based on the *Murphy* decision; Plaintiff obtained the same relief as did the other *Murphy* class members, through revision of the IDOC's policies and practices governing the approval of home site requirements for indigent sex offenders. (Doc. 18, pp. 4-6).

The First Amended Complaint does not raise or rely on *Murphy* as grounds for relief. Instead, Plaintiff seeks to hold defendants responsible for extending his incarceration because they oversaw and applied the former policies that prolonged his incarceration. These were the same policies that gave rise to the *Murphy* class action.

Plaintiff was instructed that in order to state a constitutional claim, he must plead facts showing that prison official(s) violated the Constitution in their handling of his application for a

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

suitable host site placement prior to his June 29, 2021 release on MSR (Doc. 18, p. 6). As with the original Complaint, the First Amended Complaint fails to identify any individual(s) at Plaintiff's former prison(s) who were responsible for approving or denying his host site placement, or who mishandled the matter of his placement.

To hold a defendant liable for a civil rights violation, a plaintiff must plead facts demonstrating that the individual was personally involved in the alleged improper conduct. "The doctrine of *respondeat superior* does not apply to § 1983 actions; to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Even if the defendants herein oversaw the operation/implementation of the IDOC's former policies on host site placement for sex offenders, such supervisory authority is not enough to support Plaintiff's claims against them. Plaintiff does not allege that Baldwin, Jeffreys, Madigan, or Riggs[5] had any personal involvement in his efforts to identify, locate, or seek approval of a host site prior to his release. As such, the First Amended Complaint fails to state a claim upon which relief may be granted against Baldwin, Jeffreys, Madigan, or Riggs.

Additionally, Plaintiff cannot obtain damages for the period he alleges he was improperly held in prison before his June 29, 2021 MSR release. As the Court explained in the March 14, 2024 merits review Order, Plaintiff's MSR term of three years to life is part of his sentence (Doc. 18, pp. 6-7). *United States v. Haymond*, 588 U.S. 634, 648 (2019); *United States v. Leiva*, 821 F.3d 808, 821 (7th Cir. 2016) ("Supervised release is part of the overall sentence."). A judgment in Plaintiff's favor on this claim for damages would necessarily imply the invalidity of his

---

[5] The original Complaint alleged that Riggs advised Plaintiff to go through officials at Lawrence Correctional Center, where he was then incarcerated, to pursue a host site placement. This Court concluded that allegation did not suggest Riggs violated Plaintiff's constitutional rights (Doc. 18, p. 6).

4

sentence. Therefore, this claim is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff may only seek money damages for his incarceration if he first obtains an order invalidating, reversing, or expunging his sentence.

## Disposition

This case is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a constitutional claim upon which relief may be granted. Because Plaintiff was a prisoner when he filed this case, the Court counts the dismissal of this action as one of Plaintiff's three "strikes" within the meaning of 28 U.S.C. § 1915(g). The claim for damages in Count 1 is dismissed **without prejudice**.[6]

When a Complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if further amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013.

Plaintiff already had one opportunity to amend his complaint and was instructed how he might state a viable constitutional claim (Doc. 18, pp. 6-8). However, his First Amended Complaint essentially restated the same claim presented in the original Complaint and shed no light on whether any prison officials acted improperly in failing to approve a host site for him, thus prolonging his incarceration. The Court therefore finds that further amendment of Plaintiff's claims in this action would be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (leave to amend may be denied for repeated failure to cure deficiencies or where amendment would be futile); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994) (amended

---

[6] A *Heck*-barred claim must be dismissed without prejudice so the claim may be refiled later if the conviction or sentence is eventually invalidated. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011); *Mockbee v. Lee*, No. 20-2004, 2021 WL 5918556, at *2 (7th Cir. Dec. 15, 2021).

5

complaint stated no new claims; further amendment would be futile). Accordingly, the dismissal of this case is **with prejudice** and without leave to further amend.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: August 12, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**